**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Calvin TUCKER, Jr., a.k.a. Tuck,**
**Defendant–Appellant.**

**No. 08–14647**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 3, 2009.

James W. Smith, III, Tampa, FL, for Defendant–Appellant.

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Calvin Tucker, Jr., a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* )." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), and —— U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009); *see also* U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A).

The district court did not err in denying Tucker's § 3582(c)(2) motion. Tucker's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced most of the offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. *See* U.S.S.G.App. C,

amends. 706, 713. Because Tucker was designated a career offender at his original sentencing, his offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). This Court concluded in *United States v. Moore* that a crack cocaine defendant, like Tucker, who was sentenced as a career offender under § 4B1.1 is not eligible for a § 3582(c)(2) sentence reduction based on Amendment 706. *See* 541 F.3d at 1327–29.

Tucker argues that he falls within an exception recognized in *Moore* because he received a downward departure pursuant to U.S.S.G. § 4A1.3(b) for overrepresented criminal history. However, Tucker's § 4A1.3(b) downward departure was to his criminal history category, not to his offense level. Thus, the possible exception discussed in *Moore* would not apply. *See id.* at 1329–30. In light of our circuit precedent, *see United States v. Smith,* 289 F.3d 696, 710–711 (11th Cir.2002), Tucker's other arguments about § 4A1.3(b) horizontal departures in criminal history, which leave the career-offender offense level untouched, also lack merit.

The district court correctly concluded that it did not have authority to reduce Tucker's sentence under § 3582(c)(2).

**AFFIRMED.**

---

1. "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008).